UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALICIA BONILLA, et al.,

                          Plaintiffs,

          -against-

LUCERO PRODUCE II CORP., et al.,

                          Defendants.

22-CV-153 (AS) (KHP)

NOTICE OF REASSIGNMENT

ARUN SUBRAMANIAN, United States District Judge:

This case has been reassigned to the undersigned. All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-arun-subramanian. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment. Nothing herein shall affect the scope of the existing reference to the Magistrate Judge. Any conference or oral argument before or directed by the Magistrate Judge will proceed as ordered.

Additionally, within two weeks of the filing of this Order, the parties are hereby ORDERED to file on ECF a joint letter updating the Court on the status of the case. The joint letter shall not exceed five (5) pages, and shall provide the following information, to the extent it is relevant, in separate paragraphs:

1.    Names of counsel and current contact information, if different from the information currently reflected on the docket;

2.    Per the Court's Individual Practices, the person serving as Lead Trial Counsel for each party;

3.    A brief statement of the nature of the case and/or the principal defenses thereto;

4.      A brief explanation of why jurisdiction and venue lie in this Court. In any action
        in which subject matter jurisdiction is founded on diversity of citizenship
        pursuant to Title 28, United States Code, Section 1332, the letter must explain the
        basis for the parties' belief that diversity of citizenship exists. Where any party is
        a corporation, the letter shall state both the place of incorporation and the
        principal place of business. In cases where any party is a partnership, limited
        partnership, limited liability company, or trust, the letter shall state the
        citizenship of each of the entity's members, shareholders, partners, and/or
        trustees;

5.      A statement of all existing deadlines, due dates, and/or cut-off dates;

6.      A statement of any previously-scheduled conference dates with the Court that
        have not yet occurred and the matters that were to be discussed;

7.      A brief description of any outstanding motions, including the date of the motion
        and the nature of the relief sought;

8.      A statement and description of any pending appeals;

9.      A detailed statement of all discovery undertaken to date, including how many
        depositions each party has taken and what, if any, discovery remains that is
        essential for the parties to engage in meaningful settlement negotiations;

10.     A brief description of the status of prior settlement discussions, without
        disclosing exact offers and demands;

11.     A statement of whether the parties have discussed the use of alternate dispute
        resolution mechanisms and indicating whether the parties believe that (a) a
        settlement conference before a Magistrate Judge; (b) participation in the
        District's Mediation Program; and/or (c) retention of a privately retained

mediator would be appropriate and, if so, when in the case (*e.g.*, within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;

12.     An estimate of the length of trial; and

13.     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event. See SDNY ECF Rules & Instructions §§ 13.17-13.19, available at http://nysd.uscourts.gov/ecf_filing.php. Requests for extensions or adjournment may be made only by letter-motion filed on ECF, and must be received at least 48 hours before the deadline or scheduled appearance, absent compelling circumstances. The written submission must state (1) the original date(s) set for the appearance or deadline(s) and the new date(s) requested; (2) the reason(s) for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether opposing counsel consents, and, if not, the reasons given by opposing counsel for refusing to consent.

SO ORDERED.

Dated: August 7, 2023
       New York, New York

ARUN SUBRAMANIAN
United States District Judge