EXHIBIT  1

<u>**SETTLEMENT AGREEMENT**</u>

This settlement agreement (this "**Agreement**") is made between (i) LUCERO PRODUCE II CORP. (at times referred to as the "**Company**"), a New York corporation with its principal place of business at 1250 Randall Avenue, Bronx, NY 10474 and SAUL LUCERO ( hereinafter referred to as "Defendants"); and (ii) ALICIA BONILLA, HECTOR LEONARDO MARTINEZ, DOMINGO MORALES CABRERA, and FERMIN FABIAN TREVIÑO (hereinafter referred to collectively as "**Plaintiffs**"). Defendants and Plaintiffs shall additionally be referred to individually as a "**Party**," and collectively as the "**Parties**."

**WHEREAS**, Plaintiffs commenced a lawsuit in against Defendants in the United States District Court for the Southern District of New York bearing Civil Docket Number "1:22-cv-00153-PAE-KHP" (the "Action"), alleging violations of the Fair Labor Standards Act and the New York Labor Law (the "Wage and Hour Claims");

**WHEREAS**, the Parties elected to resolve this Action by the terms of this Agreement rather than bear the time and expense of further litigation, including a trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. <u>**Settlement Amount.**</u>

In full and final settlement of the Plaintiffs' Wage and Hour Claims during their employment with the Defendants, the Plaintiffs and their counsel accepted the sum of $430,000.00 (four hundred thirty thousand dollars and zero cents) ("Settlement Payment").

The Parties hereby agree that the Defendants shall pay the Plaintiffs monthly installments in the amount of $26,875.00 (twenty-six thousand eight hundred seventy-five dollars) (the

"Settlement Installments"), allocated as follows, and pursuant to the allocation and schedule set forth in Section 2 of this Agreement.

FABIAN TREVIÑO: $142,637.39

DOMINGO MORALES: $91,235.96

ALICIA BONILLA: $69,243.97

HECTOR LEONARDO MARTINEZ: $76,882.68

GETMAN SWEENEY & DUNN, PLLC ("GSD"): $13,193.00 in counsel fees

NEW YORK LEGAL ASSISTANCE GROUP ("NYLAG"): $35,627.80 in counsel fees and $1,179.20 in disbursements.

The payments to Plaintiffs shall each be made by check made out to each Plaintiff and mailed via UPS or USPS Certified Mail to GSD. The payments to GSD and NYLAG shall be made via wire transfer.

2. **Payment Schedule.**

(a) The Settlement Installments will be paid in sixteen (16) monthly payments and will be allocated as follows:

    i. Treviño shall receive: $8,914.84 for the first 15 payments and $8,914.79 for the final payment.

    ii. Morales shall receive: $5,702.25 for the first 15 payments and $5,702.21 for the final payment.

    iii. Bonilla shall receive: $4,327.74 for the first 15 payments and $4,327.87 for the final payment.

    iv. Martinez shall receive: $4,327.75 for the first 15 payments and $4,327.94 for the final payment.

    v. GSD shall receive: $824.56 for the first 15 payments and $824.60 for the final payment.

    vi. NYLAG shall receive: $2,300.44 for the first 15 payments and $2,300.40 for the final payment.

(b) The payments shall be made in accordance with the following schedule:

    i. <u>First Payment.</u> Within thirty (30) days of receipt of the ECF notice of Court approval of this Settlement Agreement, the Defendants shall remit a first settlement payment of $26,875.00 that will be allocated as set forth in section 2(a), above. The payments to Plaintiffs shall represent payment for alleged

unpaid wages and are thus subject to applicable tax deductions and withholdings.

ii.   <u>Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Payment.</u> Thirty days following the payment set forth in Section 2(b)(i), and every thirty days thereafter, the Defendants shall remit payments in the amounts as set forth in Section 2(a), above, representing the second, third, fourth, fifth, sixth, seventh, and eighth monthly payment of the Settlement Installments. The payments to Plaintiffs shall represent payment for alleged unpaid wages and are thus subject to applicable tax deductions and withholdings.

iii.  <u>Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth and Sixteenth Payment.</u> Thirty days following the payments set forth in Section 2(b)(ii), and every thirty days thereafter, the Defendants shall remit payments in the amounts as set forth in Section 2(a), above, representing the ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and final monthly payment of the Settlement Installments. The payments to Plaintiffs shall represent payment for alleged penalties and liquidated damages and shall not be subject to tax deductions or withholdings.

The Plaintiffs agree and acknowledge that payment of the Settlement Payment will discharge any and all claims for past wages and related attorneys' fees, costs, interest, and liquidated damages.

**3.  <u>Tax Allocation.</u>**

Each Plaintiff acknowledges and agrees that they bear all tax responsibility for taxes due from them on their payments set forth in Section 2 of this Agreement, beyond those amounts withheld as employment-related taxes. Each Plaintiff further agrees to bear any tax liability should there be any claim for taxes, interest and/or penalties that may be assessed in connection with each of their payment of taxes regarding the settlement funds, their failure to do so, and/or the apportionments of the settlement sum set forth in this Section and in Section 2 of this Agreement. With respect to payments pursuant to this Agreement representing unpaid wages, Defendants shall make appropriate payroll deductions and are responsible for the employer portion of payroll taxes. With respect to payments pursuant to this Agreement representing penalties and liquidated

3

damages, Defendants shall issue an IRS Form 1099-MISC under Box 3 to Plaintiffs with respect to these non-wage payments.

**4.** **Default and Notice to Cure.**

Defendants will each execute an Affidavit of Confession of Judgment simultaneously with this Agreement, as set forth in the attached Exhibit A, to be held in escrow by Plaintiffs' counsel. The Confession of Judgment renders each Defendant liable in the event of a breach of Section 2 of this Agreement, in the amount of $430,000, minus any amounts that Defendants have paid to Defendants' counsel and/or to the Plaintiffs up to the date of the breach, as to each Defendant jointly and severally. In the event of a breach of this provision, Plaintiffs will provide a written notice of said breach, via electronic mail, to be provided to Defendants' counsel using the following contact information: Nicole Brenecki, Esq., LLP, 101 North 10th Street, Suite 303, Brooklyn, New York 11249, Attn: Nicole Brenecki, Esq.; nicole@jodrebrenecki.com; 929.337.6030 (fax).

In the event that Defendants fail to timely cure by 6:00 pm EST on the tenth (10th) day from the date such notice was received, counsel for Plaintiffs may file the Affidavits of Confession of Judgment, and enter judgment in the amount of stated therein, less any payments previously made by the Company pursuant to this Agreement.

**5.** **Wage and Hour Release.**

(a) In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiffs knowingly and voluntarily release and forever discharge the Defendants and its affiliates, parents, agents, servants, successors, heirs, executors, administrators (the "Releasees") from any and all claims in the Action and from any and all claims, actions, causes of action, demands, costs and expenses for damages

and claims relating to the facts and claims asserted by Plaintiffs in the Action or that could have been raised by Plaintiffs based on the facts asserted in the Action, including, but not limited to, any claim or any alleged violation of: any federal, state or local wage and hour law, regulation or ordinance; The Fair Labor Standards Act, New York Labor Law, and Wage Theft Prevention Act, as amended (the "Released Claims"), based upon any conduct occurring to the date that the Plaintiffs execute this Agreement. For the avoidance of doubt, this release is limited solely and only to wage and hour claims that have arisen on or prior to the date that the Plaintiffs execute this Agreement and it does not release or discharge any claims that may occur after that date.

(b) Notwithstanding the foregoing, the Parties agree that Plaintiffs' release and waiver of Released Claims excludes: (i) any Claim arising out of or attributable to events, acts, or omissions that occur after Plaintiffs' execution of this Agreement; (ii) any Claim by Plaintiffs to enforce this Agreement; and (iii) any claims that cannot be waived or released as a matter of law, such as claims for unemployment insurance benefits or workers' compensation benefits.

6. **Authorization & Binding Effect.**

Each of the Parties represent and warrant that:

(a) Due Authorization.  Each of the Parties has all requisite power and authority to execute, deliver and perform this Agreement and no consent, authorization or approvals of any other person is needed in connection herewith; and

(b) Non-Contravention.  The execution and performance of this Agreement will not violate any judgment, order, injunction, decree, regulation or ruling of any court or authority or conflict with or result in a breach of any other Settlement Agreement or instrument to which the Parties may be a party or by which they are bound; and

(c) <u>Binding Effect</u>.  Upon the full execution and delivery of this Settlement Agreement by each of the Parties, this Settlement Agreement shall be the legal, valid and binding obligations of each of the Parties, enforceable against each Party in accordance with its terms.  The terms of this Agreement shall also be binding and enforceable upon, and inure to the benefit of, the Parties' respective heirs, executors, administrators, successors, assigns and transferees.

(d) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each Party has given consideration in return for having received consideration due to concessions and good faith bargaining by Plaintiffs and Defendants as to the terms of the settlement.

**7.  Mutual Non-Disparagement.**

The Parties agree that they will not make untrue statements, made with knowledge of their falsity or with reckless disregard for their truth or falsity, injurious to the reputation or business interests of each other. This includes publicly making these statements or inducing or encouraging others to make such statements, including as they relate to the instant proceedings and the settlement of the Action. Plaintiffs reserve the right to make truthful statements regarding their litigation of their claims in this action, including providing truthful information to Plaintiffs' counsel to be used on their counsel's website.

**8.  Covenant Not to Sue.**

Plaintiffs represent and agree that neither they nor anyone on their behalf will commence, maintain, file or assert any claims released herein against the Defendants, including, but not limited to, a lawsuit in any federal, state or local court, with respect to Plaintiffs' Wage and Hour Claims in return for the agreed upon conditions within this Agreement.

**9.  Consultation With Counsel.**

6

The Parties represent that they fully understand their right to discuss all aspects of this Agreement with an attorney of their choice, and that they have consulted with and been advised by counsel in connection with the negotiation and execution of this Agreement.  The Parties further represent that they have carefully reviewed and fully understand all provisions of this Agreement and that they are voluntarily entering into this Agreement. The presumptions of laws, or rules of contract interpretation, that would interpret contract provisions against the contract drafter shall not apply to this Agreement or any document or instrument executed in connection herewith. Lastly, this Agreement has been carefully read by Plaintiffs after consultation with their respective attorneys or advisors, and, after translation into Spanish, the contents hereof are known to and fully understood by Plaintiffs.

10. **Notices.**

Any notice required or permitted to be made under this Settlement Agreement shall be sent via email, as follows:

|  |  |
|---|---|
| If to the Defendants: | Nicole Brenecki, Esq. |
|  | nicole@jodrebrenecki.com |
| If to Plaintiffs: | Anamaria Segura, Esq. |
|  | asegura@getmansweeney.com |

11. **Miscellaneous.**

(a) Entire Settlement Agreement; Amendment; Waiver.

This Agreement constitutes the entire agreement between the Parties on the subject matter contained herein, and supersedes all prior and contemporaneous agreements or understandings, whether written or oral, among the Parties with respect to the subject matter hereof. This Agreement may be amended only by a written instrument signed by each of the Parties.  No waiver of any provision of this Agreement shall be effective unless made in writing and signed by an

7

authorized representative of the waiving Party.  No waiver of any provision of this Agreement shall constitute a waiver of any prior, concurrent or subsequent breach of the same or any other provisions hereof.

(b) Governing Law, Jurisdiction & Venue.

This Agreement will be construed in accordance with and governed by the laws of the State of New York without giving effect to conflict of law principles thereof. The Parties have consented to the jurisdiction of Magistrate Judge Katharine H. Parker for all purposes in this Action and have agreed that the Court will retain jurisdiction of the Action for purposes of enforcement of the Agreement. Accordingly, any action or proceeding by either of the parties to enforce this Agreement shall be brought in the Southern District of New York..

(c) Severability.

To the fullest extent that they can effectively do so under applicable law, the Parties hereby waive any provision of law which renders any provision of this Agreement invalid, illegal or unenforceable in any respect. The Parties further agree that any provision of this Agreement, which, notwithstanding the preceding sentence, is rendered or held invalid, illegal or unenforceable in any respect in any jurisdiction shall be ineffective, but such ineffectiveness shall not render invalid, illegal or unenforceable any of the remaining provisions of this Agreement.

(d) Headings.

The headings in this Settlement Agreement are for reference purposes only, do not constitute a part of this Settlement Agreement, and shall not affect its meaning or interpretation.

(e) Counterparts.

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. For

8

ease of administration, this Agreement may be executed by facsimile or scanned signatures on counterparts. When all such signatures have been collected, this Agreement shall be final and binding.

**BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**IN WITNESS WHEREOF**, the Parties to this Agreement now voluntarily, freely and knowingly execute this Agreement as of the date provided below.

AGREED AND ACCEPTED BY:

**LUCERO PRODUCE II CORP.**

By: **SAUL LUCERO**

**SAUL LUCERO**

Date: 12/8/23

_____
**FABIAN TREVIÑO**

_____
**DOMINGO MORALES**

_____
**ALICIA BONILLA**

_____
**HECTOR MARTINEZ**
(Dec 4, 2023 15:40 EST)

Date: _____

9

ease of administration, this Agreement may be executed by facsimile or scanned signatures on counterparts. When all such signatures have been collected, this Agreement shall be final and binding.

**BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**IN WITNESS WHEREOF**, the Parties to this Agreement now voluntarily, freely and knowingly execute this Agreement as of the date provided below.

AGREED AND ACCEPTED BY:

**LUCERO PRODUCE II CORP.**

By: **SAUL LUCERO**

**SAUL LUCERO**

Date: 12/8/23

**FABIAN TREVIÑO**

**DOMINGO MORALES**

**ALICIA BONILLA**

**HECTOR MARTINEZ**

Date: 12/4/2023

9

ease of administration, this Agreement may be executed by facsimile or scanned signatures on counterparts. When all such signatures have been collected, this Agreement shall be final and binding.

      **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

      **IN WITNESS WHEREOF**, the Parties to this Agreement now voluntarily, freely and knowingly execute this Agreement as of the date provided below.

AGREED AND ACCEPTED BY:

**LUCERO PRODUCE II CORP.**

*Saul Lucero*

By: SAUL LUCERO

*Saul Lucero*

**SAUL LUCERO**

Date: _12/8/23_

**FABIAN TREVIÑO**

_____

**DOMINGO MORALES**

_____

**ALICIA BONILLA**

_____

**HECTOR MARTINEZ**

Date: _12/4/2023_

9