```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALICIA BONILLA, HECTOR LEONARDO
MARTINEZ, DOMINGO MORALES CABRERA,
and FERMIN FABIAN TREVIÑ,

                              Plaintiffs,

             -against-

LUCERO PRODUCE II CORP. and
SAUL LUCERO,

                              Defendants.
-----------------------------------------------------------------X

**ORDER**

22-CV-153 (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), Plaintiffs and Defendants, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). This Court has held a settlement conference and worked the Plaintiffs and the Defendants to determine an agreement that represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, it is hereby ORDERED that:

    1.  The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved. This approval is conditioned on the Court's understanding that the mutual non-disparagement provision permits Plaintiffs to make truthful statements about their wages to others.

2. This Order does not incorporate the terms of the parties' proposed agreement. Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs. Therefore, the status conference scheduled for **January 10, 2024 at 3:30 p.m.** is adjourned *sine die*.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

    **SO ORDERED.**

Dated: January 4, 2024
       New York, New York

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

2